UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
No. __:___-CV-___-__

| | |
|---|---|
| **BRAM BROWDER PUBLIC ADJUSTERS,** | § § § |
| Plaintiff, | § § |
| v. | § § |
| **PALM SUITES OF ATLANTIC BEACH OWNERS ASSOC. INC.** | § § § § |
| Defendant. | |

## COMPLAINT

Plaintiff Bram Browder Public Adjusters ("Browder" or "Plaintiff") files this Complaint against Palm Suites of Atlantic Beach Owners Assoc. Inc. ("Palm Suites" or "Defendant"), and shows as follows:

### INTRODUCTION

1. This is a simple breach of contract case—Palm Suites is refusing to pay Browder for the services he provided under the terms of a written agreement.

2. Browder is a public adjuster who has had extensive experience negotiating claims on behalf of his clients for property damage and other loss incurred due to natural disasters.

3. As it relates to this case, Browder entered into an agreement with Palm Suites to provide services for claim evaluation, claim preparation, and adjustment related to Palm Suites' damage from Hurricane Florence, which was a hurricane that caused catastrophic damage in the Carolinas in September 2018.

1

4. Browder worked on hundreds of claims related to Hurricane Florence for his clients in North Carolina.

5. ***More than eleven months*** after the major loss caused by Hurricane Florence, Palm Suites had still received nothing for the damage caused by the hurricane, despite filing a claim with its insurance provider. Palm Suites decided it needed expert assistance and, thus, Palm Suites' President Bill Stafford hired Browder for his services on behalf of Palm Suites.

6. Shortly thereafter, Browder entered into a written agreement with Palm Suites. Browder agreed to evaluate and adjust any of Palm Suites' insurance claims relating to property damage caused by Hurricane Florence, and Palm Suites in return agreed to pay a percentage of all recovery.

7. In less than a few weeks, Browder was able to obtain two checks on behalf of Palm Suites (one that was recovered in eight days). Palm Suites rightfully paid Browder the amount owed under their agreement.

8. Palm Suites has recently recovered money from its insurance provider.

9. However, Palm Suites now refuses to pay Browder for amounts it recovered, despite the valid and enforceable agreement requiring Palm Suites to do so.

10. After attempting to confer with counsel for Palm Suites, it appears the parties are at an impasse and Browder now comes to this Court to rightfully recover amounts due under the agreement.

**JURISDICTION AND VENUE**

11. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because complete diversity of citizenship exists and the amount in controversy exceeds $75,000.

2

12. Browder is domiciled in Texas, Palm Suites is domiciled in North Carolina and resides in Carteret County.

13. Browder seeks damages that exceed $75,000, the minimum amount in controversy required to file suit in this Court.

14. This Court has personal jurisdiction over Palm Suites because it is an association existing under the laws of North Carolina, and it also has sufficient contacts with the State of North Carolina.

15. Venue in this judicial district is proper pursuant to 28 U.S.C.§ 1391 (b) and (c) because Palm Suites resides in Carteret County and the activities underlying the breach of contract occurred in Carteret County.

## THE PARTIES

16. Bram Browder Public Adjusters is a limited liability company organized and existing under the laws of the State of Texas, with its principal place of business at 15005 Robin Court, Lakeway, TX 78734.

17. Defendant Palm Suites is an association in Carteret County, organized and existing under the laws of the State of North Carolina.

## FACTS

18. Palm Suites is an owner's association that operates the Palm Suites of Atlantic Beach property, which offers suites for vacation rentals. The condominiums, which are individually-owned, can be leased.

19. In September 2018, Hurricane Florence came through the Carolinas and caused catastrophic damage to the area, including the Palm Suites of Atlantic Beach property.

3

20. Upon information and belief, Palm Suites filed an insurance claim with its insurance provider, Liberty Mutual, related to the damage. Eleven months after Hurricane Florence, Palm Suites was still awaiting payment from Liberty Mutual.

21. At the time, Browder was working with hundreds of property owners who similarly suffered losses due to Hurricane Florence. In the summer of 2019, Bill Stafford, President of Palm Suites, requested Browder to provide services for claim evaluation, claim preparation and adjustment related to Palm Suites' loss due to Hurricane Florence.

22. On August 9, 2019, Browder and Palm Suites entered into an agreement (the "Agreement") where Browder agreed to evaluate and adjust any of Palm Suites' insurance claims relating to property damage caused by Hurricane Florence. *See* Exhibit 1, Agreement. Specifically, the Agreement provided:

> The undersigned INSURED hereby agrees to retain the services of the undersigned BRAM BROWDER PUBLIC ADJUSTERS for the purpose of claim evaluation, claim preparation and/or adjustment, relating to a loss that occurred on the 14th day of September, 2018

23. In return for such efforts, Palm Suites agreed to pay Browder in accordance with the payment structure outlined in Exhibit A to the Agreement. *See id.* Palm Suites agreed that it would pay this amount "whether recovered by adjustment, negotiation, arbitration, appraisal, litigation, or other means, from the insurance proceeds." *Id.* The structure provided:

> Public Adjuster fees payable to Bramlette Browder shall be structured as follows:
>
> 1) Fees due on amount up to $586,732.03 shall be 5% if paid prior to litigation.
> 2) Fees due on $586,732.04 and above is 10%.
> 3) If $586,732.03 or less is not received from insurer prior to litigation, the fee billed by Bramlette Browder on the entire recovery shall be 10%.

*Id.* (Agreement at Exhibit A).

24. The Agreement further explicitly states that the "Agreement is enforceable and Bram Browder Public Adjusters is entitled to its' fee, even if litigation is required to recover payment from the insurance company." *Id.*

25. After Palm Suites hired Browder, Browder immediately began working on Palm Suites' case. Among other tasks, Browder reviewed the entire case file related to the property damage at Palm Suites of Atlantic Beach, conducted inspections of the property, and made statutory demands to the insurance company.

26. Less than ***two weeks*** after entering the Agreement, Browder secured $611,732.02 from the insurance company on behalf of Palm Suites. Within a few more weeks, Browder recovered for Palm Suites $452,263.80 from the insurance company. Palm Suites paid Browder a combined total of $77,062.97 for his services in accordance with the Agreement.

27. After obtaining the checks from Palm Suites, Mr. Stafford indicated to Browder that he was having difficulty with a construction firm, Cotton Industries ("Cotton"), that was conducting repair work on the Palm Suites of Atlantic Beach property. Browder agreed to review the invoices from Cotton for Mr. Stafford without charge, which was separate and apart from the services he agreed to provide under the Agreement.

28. Sometime after September 2019, Palm Suites filed suit against its insurance provider related to recovery it was entitled to due to Hurricane Florence.

29. In or around September 2021, Browder sent a letter to Palm Suites reminding it of its obligations to Browder during the ongoing litigation. *See* Exhibit 1, Agreement.

30. Upon information and belief, Palm Suites settled with its insurance provider in approximately early 2022 and was not paid until then.

31. Following the settlement, Browder made a formal request to Palm Suites for payment for Browder's services in accordance with the Agreement. In response, Palm Suites wrongly asserted that Browder was not entitled to any recovery and took the improper position that Browder's services only related to negotiation with Cotton.

32. However, nothing in the Agreement stated that Browder's work was limited in any fashion. Exhibit 1, the Agreement. Instead, the Agreement clearly states that Browder's fee would be 10% for *any* recovery that Palm Suites obtained from its insurance provider for over $586,732.03, including any amount recovered from litigation. *Id.* (Agreement at Exhibit A). Furthermore, the services that Browder provided to Cotton were independent from the claim evaluation, claim preparation and adjustment services that he agreed to provide under the Agreement.

33. Despite Palm Suites' settlement with its insurance provider and the proceeds that were provided to Palm Suites, it continues to deny its obligation to pay Browder for his services related to the Agreement.

34. On or about August 23, 2023, Browder sent another letter to Palm Suites requesting payment in attempts to avoid this litigation. Browder specifically requested confirmation within three business days that Palm Suites would pay Browder its fees under the Agreement.

35. To date, Browder has not heard from Palm Suites.

36. As a result, Browder files this suit for breach of contract.

**CAUSE OF ACTION: BREACH OF CONTRACT**

37. Browder restates and incorporates by reference each and every allegation contained in this Complaint as if fully set forth herein.

38. Browder agreed to provide Palm Suites with claim evaluation, preparation, and adjustment services in connection with the Agreement. Palm Suites agreed to pay Browder for those services.

39. Browder and Palm Suites executed the Agreement to govern Palm Suites' obligation, promise, and commitment to pay Palm Suites in accordance with the payment structure outlined in Exhibit 1.

40. Browder has fully performed and satisfied his obligations under the Agreement.

41. Palm Suites owes Browder for the services Browder rendered under the Agreement. This amount is just, due, and fully owing.

42. However, Palm Suites has failed to honor its obligations and breached the Agreement by refusing to pay the amount that Palm Suites owes Browder.

43. As a result of Palm Suites' breach, Browder has suffered damages of at least 10% of Palm Suites' recovery from any settlement or payments from its insurance company related to Hurricane Florence and is entitled to recover damages from Palm Suites.

**CONDITIONS PRECEDENT**

44. All conditions precedent to Browder's claim for relief have been performed or have occurred.

**JURY DEMAND**

45. Plaintiff requests trial by jury.

**PRAYER**

46. WHEREFORE, Plaintiff prays for judgment as follows:

A. An award of monetary damages of no less than the amount dictated by the payment structure in Exhibit A, representing the amount in fees owed directly to Browder for services rendered in accordance with the Agreement;

B. Pre-judgment and post-judgment interest;

C. All other relief to which it is entitled in law or equity.

Date: August 30, 2023

Respectfully submitted
**WINSTON & STRAWN LLP**

*/s/ Elizabeth J. Ireland*
Elizabeth J. Ireland
NC Bar No. 47059
eireland@winston.com
300 South Tryon Street
16th Floor
Charlotte, NC 28202
Telephone: 704-350-7700
Facsimile: 704-350-7800

Ahtoosa A. Dale (*pro hac vice forthcoming*)
ADale@winston.com
2121 N. Pearl Street, Suite 900
Dallas, TX 75201
Telephone: (214) 453-6500
Facsimile: (214) 453-6400