UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| BRAM BROWDER PUBLIC ADJUSTERS, | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 4:23-CV-143-D-RJ |
| PALM SUITES OF ATLANTIC BEACH OWNERS ASSOC. INC., | ) |
| Defendant. | ) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS AND ALTERNATIVE MOTION FOR JURISDICTIONAL DISCOVERY**

I.  **INTRODUCTION**

Dismissal of this case is improper because Defendant has not shown to a legal certainty that Plaintiff's claim is for less than the jurisdictional threshold for this Court. Instead, Defendant has simply submitted a conclusory affidavit upon information and belief attesting that Plaintiff fails to meet that threshold amount. But an affidavit alone cannot show that Plaintiff failed to meet his pleading burden. Defendant's motion to dismiss, therefore, should be denied because the sum claimed by Plaintiff—which this Court must accept as true—controls.

Alternatively, Plaintiff asks this Court for leave to conduct jurisdictional discovery to meet Defendant's jurisdictional challenge. Plaintiff also reserves its right to amend its complaint if jurisdictional discovery shows that doing so is necessary.

II. **BACKGROUND**

Plaintiff Bram Browder Public Adjusters ("Browder") filed suit against Defendant Palm Suites of Atlantic Beach Owners Assoc. Inc. ("Palm Suites") on August 30, 2023. Dkt. 1. Browder is a public adjuster with extensive experience negotiating claims on behalf of his clients for

1

property damage and other loss incurred due to natural disasters. Palm Suites is a hotel that suffered damage to its property from Hurricane Florence. Browder and Palm Suites entered into a written agreement. In that agreement (which is not disputed), Browder agreed to evaluate and adjust Palm Suites' insurance claims, and Palm Suites agreed to pay a percentage of all recovery to Browder. But Palm Suites has refused to pay Browder. As a result, Browder filed this breach of contract action, asserting diversity jurisdiction and explicitly seeking damages exceeding $75,000. Dkt. 1 ¶ 13.

On October 20, 2023, Palm Suites moved to dismiss under Federal Rule of Civil Procedure 12(b)(1), arguing that Browder's complaint fails to satisfy the amount in controversy requirement for diversity jurisdiction. Dkt. 8. Specifically, Palm Suites' counsel attached an affidavit to Palm Suites' motion to dismiss asserting, upon *information and belief*, that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Dkt. 9 ¶ 9. The affidavit included conclusory statements about how much Browder could recover, seemingly excluding other amounts Palm Suites' insurance provider paid related to its claim. *Id.*

Palm Suites has not produced any evidence demonstrating the total amount its insurance company has paid related to the property damage it suffered from Hurricane Florence. Palm Suites has not included, for example, the settlement paperwork confirming the amount it has received on all its claims nor any evidence of any other amounts recovered from its insurance provider. The Court, therefore, should deny Palm Suites' motion to dismiss. Alternatively, the Court should grant Browder leave to conduct jurisdictional discovery.

### III. LEGAL STANDARD

#### A. Amount in Controversy Requirement

Under 28 U.S.C. § 1332(a), federal district courts have jurisdiction over civil actions where complete diversity exists and the amount in controversy exceeds $75,000. In determining whether the amount in controversy requirement is met, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 287 (1938). To justify dismissal for failing to meet the amount in controversy requirement, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount." *Id.* Thus, "[d]efendants, seeking dismissal of diversity actions for lack of a sufficient amount in controversy, must therefore shoulder a heavy burden." *JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 638 (4th Cir. 2010). To meet their heavy burden, defendants "must show 'the legal impossibility of recovery' to be 'so certain as virtually to negative the plaintiff's good faith in asserting the claim.'" *Id.* (quoting *Wiggins v. N. Am. Equitable Life Assurance Co.*, 644 F.2d 1014, 1017 (4th Cir. 1981)).

#### B. Jurisdictional Discovery

District courts have broad discretion to allow discovery about jurisdictional issues when a challenge has been raised to a court's jurisdiction over a claim or party. *Mylan Labs., Inc. v. Akzo*, 2 F.3d 56, 64 (4th Cir. 2003). "[T]he decision of whether or not to permit jurisdictional discovery is a matter committed to the sound discretion of the district court." *Base Metal Trading, Ltd. v. OJSC "Novokuznetsky Aluminum Factory"*, 283 F.3d 208, 216 n.3 (4th Cir. 2002). If a plaintiff shows that the facts obtained through jurisdictional discovery can meet a defendant's challenge to jurisdiction, then courts should generally permit discovery on that issue. *See Rich v. KIS California, Inc.*, 121 F.R.D. 254, 259 (M.D.N.C. 1988) (holding that jurisdictional discovery is permissible to

meet challenges to personal jurisdiction "unless plaintiff's claim appears to be clearly frivolous."). A court need not allow jurisdictional discovery "if such discovery would unnecessarily burden the defendant." *Informaxion Sols., Inc. v. Vantus Grp.*, 130 F. Supp. 3d 994, 998 (D.S.C. 2015). Plaintiff also reserves its right to amend its complaint if jurisdictional discovery shows that doing so is necessary.

## IV. ARGUMENT

Palm Suites' motion to dismiss should be denied because it has not established to a legal certainty that Browder's claim is for less than the jurisdictional threshold for this Court. Palm Suites' one-page motion and supporting affidavit are rife with issues, demonstrating that Plaintiff still has a claim.

### A. Palm Suites Has Not Shown to a Legal Certainty that Browder Cannot Recover More than $75,000.

Palm Suites has not met its "heavy burden" of showing a lack of sufficient amount in controversy in Browder's complaint. *JTH Tax, Inc.*, 624 F.3d at 638. The sum claimed by Browder controls unless Palm Suites demonstrates "to a legal certainty that the claim is really for less than" $75,000. *St. Paul Mercury Indem. Co.*, 303 U.S. at 287. Browder has claimed a sum in excess of $75,000. Dkt. 1 ¶ 13. Palm Suites has not alleged that Browder's claim was made in bad faith. And Palm Suites has not shown to a legal certainty that Browder cannot recover more than $75,000. Therefore, Browder's sum controls, and Palm Suites' motion to dismiss should be denied.

Specifically, Palm Suites produced an affidavit attesting that Browder's claim cannot meet the jurisdictional requirements. Nothing more. The affidavit merely attests to settlement amounts between Palm Suites and Liberty and argues without any legal or factual support that Browder cannot recover more than $75,000.

But that is not enough. Attesting to the amount for which Palm Suites settled with Liberty does not establish "to a legal certainty" that Browder cannot recover more than $75,000. After all, Palm Suites has not proven the total amount it recovered—the affidavit alone cannot prove this because it simply asserts settlement amounts. In addition, the settlement was not attached to the affidavit, nor has it been provided to Browder's counsel. Finally, Palm Suites has not proven that even if the amount stated in the affidavit is the total recovery that Palm Suites has received from its insurance providers, that Browder's recovery is less than $75,000.

To justify dismissal, Palm Suites bears a heavy burden—it must establish *to a legal certainty* that Browder's claim cannot meet the jurisdictional amount. Palm Suites' bare affidavit with baseless conclusions does not meet this standard; thus, the sum claimed by Browder controls. Palm Suites' motion to dismiss should be denied.

### B. Alternatively, the Court Should Permit Browder to Take Jurisdictional Discovery.

Alternatively, if there is a fact question about whether Browder has met his burden in pleading the jurisdictional amount, Browder asks the Court for leave to conduct jurisdictional discovery.

Browder asks for leave to conduct jurisdictional discovery into Palm Suites' recovery from its insurance providers related to Hurricane Florence. Permitting limited jurisdictional discovery into Palm Suites' settlement is not burdensome because Browder's discovery request would be narrow and meant to meet precisely the jurisdictional challenge that Palm Suites raised. Thus, the Court should grant leave for Browder to conduct jurisdictional discovery into Palm Suites' recovery related to its property damage from Hurricane Florence. Plaintiff also reserves its right to amend its complaint if jurisdictional discovery reveals that doing so is necessary.

## V. CONCLUSION

For the above reasons, Browder respectfully requests that the Court deny Palm Suites' motion to dismiss. Alternatively, Browder respectfully moves the court for leave to conduct jurisdictional discovery.

Dated: November 10, 2023

Respectfully submitted,

**WINSTON & STRAWN LLP**

*/s/ Elizabeth J. Ireland*
Elizabeth J. Ireland
NC Bar No. 47059
eireland@winston.com
300 South Tyron Street
16th Floor
Charlotte, NC 28202
Telephone: (704) 350-7700
Facsimile: (704) 350-7800

Ahtoosa A. Dale (*pro hac vice forthcoming*)
ADale@winston.com
2121 North Pearl Street, Suite 900
Dallas, TX 75201
Telephone: (214) 453-6500
Facsimile (214) 453-6400

## CERTIFICATE OF SERVICE

I certify that on November 10, 2023, I caused a true and correct copy of the foregoing to be sent to Defendants via their counsel of record.

*/s/ Elizabeth J. Ireland*
Elizabeth J. Ireland