| | | |
|---|---|---|
| BRAM BROWDER PUBLIC ADJUSTERS, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | **ORDER** |
| PALM SUITES OF ATLANTIC BEACH OWNERS ASSOCIATION, INC., | ) ) ) | |
| Defendant. | ) ) | |

On August 30, 2023, Bram Browder Public Adjusters ("Browder" or "plaintiff") filed a breach of contract action against Palm Suites of Atlantic Beach Owners Association, Inc. ("Palm Suites" or "defendant") [D.E. 1]. On October 20, 2023, Palm Suites filed a motion to dismiss for lack of subject-matter jurisdiction [D.E. 8] and a motion to seal the affidavit and memorandum in support [D.E. 9, 10, 11, 12]. On November 10, 2023, Browder responded in opposition to the motion to dismiss [D.E. 13]. On November 13, 2023, Browder filed its proposed sealed response and motion to seal [D.E. 15, 16]. On November 22, 2023, Palm Suites filed its proposed sealed reply [D.E. 17]. As explained below, the court denies Palm Suites's motion to dismiss and the motions to seal.

I.

Palm Suites of Atlantic Beach is a vacation rental company that Palm Suites operates. See Compl. [D.E. 1] ¶ 18. In September 2018, Hurricane Florence damaged Palm Suites of Atlantic Beach. See id. at ¶ 19. Palm Suites filed an insurance claim with Liberty Mutual, but eleven months later, Liberty Mutual had not paid Palm Suites anything. See id. at ¶ 20. On August 9, 2019, Palm

Suites hired Browder to provide claim evaluation, claim preparation, and claim adjustment concerning the damages, and Browder began work. See id. at ¶¶ 21, 25. Within weeks, Browder recovered $1,063,995.82 from Liberty Mutual, and Palm Suites paid Browder $77,062.97 under the parties' contract for Browder's work. See id. at ¶ 26. In September 2019, Palm Suites sued Liberty Mutual for additional money. See id. at ¶ 28. In early 2022, the lawsuit settled, and Liberty Mutual paid Palm Suites additional money. See id. at ¶ 30. As of August 30, 2023, Palm Suites has not paid Browder any fees resulting from the settlement amount. See id. at ¶¶ 34–35; [D.E. 1-1] 2–3.

Browder contends that Palm Suites owes it a percentage of the additional money from Liberty Mutual. See Compl. ¶¶ 8–10. Browder seeks compensatory damages and pre-judgment and post-judgment interest for breach of contract. See id. at 8.

II.

Palm Suites seeks to seal (1) the affidavit of Stan West ("West") filed in support of its motion to dismiss; (2) its brief in support of the motion to dismiss; and (3) any future pleadings referencing the confidential settlement agreement or its terms. See [D.E. 11]. The public has "a general right to inspect and copy public records and documents, including judicial records and documents." Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978) (internal footnote omitted). "When parties call on the courts, they must accept the openness that goes with subsidized dispute resolution by public (and publicly accountable) officials." Doe v. Pub. Citizen, 749 F.3d 246, 271 (4th Cir. 2014) (quotation omitted). The common law and the First Amendment protect the public's right to access judicial records. See Stone v. Univ. of Md. Med. Sys. Corp., 855 F.2d 178, 180 (4th Cir. 1988).

The "common law presumes a right to inspect and copy [all] judicial records and documents." Id. A party may overcome this presumption "if competing interests outweigh the

2

interest in access." Id.; see Nixon, 435 U.S. at 598; Rushford v. New Yorker Mag., Inc., 846 F.2d 249, 253 (4th Cir. 1988); In re Wash. Post Co., 807 F.2d 383, 390 (4th Cir. 1986). The party seeking to overcome the presumption bears the burden of proof. See Rushford, 846 F.2d at 253; Bank of Am. Nat'l Tr. & Sav. Ass'n v. Hotel Rittenhouse Assocs., 800 F.2d 339, 344 (3d Cir. 1986).

The First Amendment provides a right of access "only to particular judicial records and documents." Stone, 855 F.2d at 180; see Courthouse News Serv. v. Schaefer, 2 F.4th 318, 326–28 (4th Cir. 2021); Courthouse News Serv. v. Planet, 947 F.3d 581, 592 (9th Cir. 2020); In re the United States for an Ord. Pursuant to 18 U.S.C. Section 2703(D) (In re Application), 707 F.3d 283, 290 (4th Cir. 2013); Rushford, 846 F.2d at 253. A court may restrict access under the First Amendment only if "necessitated by a compelling government interest" with the restriction "narrowly tailored to serve that interest." In re Wash. Post Co., 807 F.2d at 390 (quotation omitted); see Press-Enter. Co. v. Super. Ct. of Cal. (Press-Enterprise II), 478 U.S. 1, 15 (1986); Press-Enter. Co. v. Super. Ct. of Cal. (Press-Enterprise I), 464 U.S. 501, 510 (1984); Pub. Citizen, 749 F.3d at 266; Va. Dep't of State Police v. Wash. Post, 386 F.3d 567, 576 (4th Cir. 2004); Rushford, 846 F.2d at 253; Stone, 855 F.2d at 180. Protecting "a party's interest in confidential commercial information, such as a trade secret, where there is a sufficient threat of irreparable harm" is a recognized exception to the "presumptive openness of judicial proceedings." Publicker Indus., Inc. v. Cohen, 733 F.2d 1059, 1070–71 (3d Cir. 1984); see, e.g., Nixon, 435 U.S. at 598. The party seeking denial of access bears the burden of demonstrating an "overriding interest" or "higher value[]" to seal the material. Press-Enterprise I, 464 U.S. at 510; see Rushford, 846 F.2d at 253; Rittenhouse, 800 F.2d at 344.

"Settlement agreements and exhibits associated with them have been reviewed under both the common law right of access and the First Amendment right of access." M.G.M. ex rel. Mabe v. Keurig Green Mountain, Inc., No. 1:22-CV-36, 2022 WL 6170557, at *2 (M.D.N.C. Oct. 7, 2022)

3

(unpublished). When evaluating whether to seal a settlement agreement, the court considers whether (1) the information sought to be sealed is confidential, (2) disclosure would result in actual harm and the degree of that harm, (3) the motion is narrowly tailored, and (4) the interests in non-disclosure are compelling and heavily outweigh the public's interest in access to the information. See id.; see, e.g., Pub. Citizen, 749 F.3d at 270. Courts must consider less drastic alternatives to sealing. See Va. Dep't of State Police, 386 F.3d at 576.

As for whether the information sought to be sealed is confidential, the terms of a settlement agreement can be confidential. Cf. White v. Bonner, No. 10-CV-105, 2010 WL 4625770, at *2 (E.D.N.C. Nov. 4, 2010) (unpublished). As for harm from disclosure, similarly situated claimants could use the settlement agreement against Liberty Mutual, but Palm Suites alleges no actual harm. See [D.E. 12] 1–3; see, e.g., In re Dollar Gen. Stores FLSA Litig., No. 5:09-MD-1500, 2011 WL 3703175, at *2–3 (E.D.N.C. Aug. 23, 2011) (unpublished). Palm Suites also does not contend that the settlement amount is a trade secret. See Publicker Indus., 733 F.2d at 1070–71. As for narrow tailoring, the motion is not narrowly tailored. Cf. Morris v. Cumberland Cnty. Hosp. Sys., Inc., No. 5:12-CV-629, 2013 WL 6116861, at *3 (E.D.N.C. Nov. 13, 2013) (unpublished). Palm Suites seeks to seal the affidavit of West and any briefing discussing the contents of the settlement agreement. See [D.E. 12] 1. As for the public's interest, public interest in access outweighs the interest in non-disclosure. Cf. Est. of Boyles v. Gree USA, Inc., No. 1:20-CV-276, 2021 WL 7162094, at *1 (M.D.N.C. Feb. 18, 2021) (unpublished); Martin v. Am. Honda Motor Co., 940 F. Supp. 2d 277, 279 (D.S.C. 2013). Thus, even under the less stringent common law standard, the court denies the motions to seal.

4

III.

A motion to dismiss under Rule 12(b)(1) tests subject-matter jurisdiction, which is the court's "statutory or constitutional power to adjudicate the case." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998) (emphasis omitted); see Holloway v. Pagan River Dockside Seafood, Inc., 669 F.3d 448, 453 (4th Cir. 2012); Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 479–80 (4th Cir. 2005); Lobacz v. United States, No. 5:19-CV-453, 2022 WL 821160, at *2 (E.D.N.C. Mar. 17, 2022) (unpublished); Crowder v. N.C. Admin. Off. of Cts., 374 F. Supp. 3d 539, 543 (E.D.N.C. 2019). A federal court "must determine that it has subject-matter jurisdiction over the case before it can pass on the merits of that case." Constantine, 411 F.3d at 479–80. "The burden of proving subject matter jurisdiction on a motion to dismiss is on the plaintiff, the party asserting jurisdiction." Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982); see Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). In considering a motion to dismiss for lack of subject-matter jurisdiction, the court "may consider evidence outside the pleadings without converting the [motion] to one for summary judgment." White Tail Park, Inc. v. Stroube, 413 F.3d 451, 459 (4th Cir. 2005) (quotation omitted); see Episcopal Church in S.C. v. Church Ins. Co. of Vt., 997 F.3d 149, 155 & n.6 (4th Cir. 2021); Richmond, Fredericksburg & Potomac R.R. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). A court should grant a motion to dismiss pursuant to Rule 12(b)(1) "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Evans, 166 F.3d at 647 (quotation omitted).

The court has jurisdiction only where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a); see, e.g., Carden v. Arkoma Assocs., 494 U.S. 185, 187 (1990). Generally, the amount in controversy that a plaintiff alleges in the complaint, if made in good faith, satisfies the jurisdictional amount. See, e.g., Choice Hotels

5

Int'l, Inc. v. Shiv Hosp., L.L.C., 491 F.3d 171, 176 (4th Cir. 2007); Wiggins v. N. Am. Equitable Life Assurance Co., 644 F.2d 1014, 1016–17 (4th Cir.1981). Nonetheless, if it appears to a "legal certainty" that the plaintiff cannot recover the amount claimed, the case should be dismissed for lack of jurisdiction. St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938).

Browder's damages plausibly exceed $75,000. See Compl. ¶¶ 8–11, 13, 22, 28–36, 39–43; [D.E. 1-1] 3. Palm Suites fails to show to a legal certainty that Browder could not recover more than $75,000. See Red Cab, 303 U.S. at 289; JTH Tax, Inc. v. Frashier, 624 F.3d 635, 638 (4th Cir. 2010).

## IV.

The court DENIES WITHOUT PREJUDICE defendant's motion to dismiss [D.E. 8] and DENIES the motions to seal [D.E. 11, 16].

SO ORDERED. This 28 day of December, 2023.

JAMES C. DEVER III
United States District Judge

6